UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CR-98-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MAURICE CROMRATIE, | ) | |
| Defendant. | ) | |

This matter is before the court on the Defendant Maurice Cromratie ("Cromratie")'s motion pursuant to 18 U.S.C. § 3162(a)(1) to dismiss the criminal indictment filed against him for the Government's failure to proceed to trial within the time limit set forth in 18 U.S.C. § 3161(c)(1).

Title 18, United States Code, § 3161(c)(1) states "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs . . . ." 18 U.S.C. § 3161(c)(1). Cromratie states that the indictment was returned on July 24, 2012 and that he has been held without trial since November 11, 2011.[1] He argues that the Government has not

---

[1] Cromratie was apparently arrested for violation of supervised release on January 13, 2012. *See* Arrest Warrant Returned Executed [DE-29] in case No. 7:03-CR-12-F-1. The court has found no evidence that Cromratie was arrested on November 11, 2011, as he states in his letter. The court also notes that it is irrelevant to the present motion whether Cromratie was arrested on November 11, 2011 for violation of the terms of his supervised release. Cromratie's current motion relates to the charges filed in case No. 7:12-CR-98-F-1, and in that case the indictment was filed on July 24, 2012 and he was arrested for the charged offenses on July 24, 2012. As of the date of this order, he has not appeared before a judicial officer of this court.

brought him to trial within seventy days of the filing of the indictment, and that pursuant to 18 U.S.C. § 3162(a)(2), the indictment filed against him must be dismissed. While it is true that 18 U.S.C. § 3162(a)(2) requires dismissal of the indictment if the Government has not complied with the time limitations set forth in 18 U.S.C. § 3161(c)(1), the court finds that the Government has not violated those time limitations. Section 3161(c)(1) requires trial within seventy days of either (1) the date the indictment is filed, or (2) the date of the first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). As of the date of Cromratie's letter, October 15, 2012, he has not "appeared before a judicial officer of the court in which the charge is pending." Thus, the seventy-day time limitation has not started and the Government is not in violation of 18 U.S.C. § 3161(c)(1). Croamratie is not entitled to dismissal of the indictment on this basis.

For the foregoing reasons, Cromratie's Motion to Dismiss [DE-8] is DENIED.

SO ORDERED.

This the 23rd day of October, 2012.

James C. Fox
United States District Judge

2

Case 7:12-cr-00098-FL   Document 9   Filed 10/23/12   Page 2 of 2