IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:12-CR-98-F

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| MAURICE CROMRATIE | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. At the hearing, defendant presented no evidence. Against the advice of counsel and the court, defendant made an oral statement, but it concerned legal argument based on several cases and a promissory note he submitted to the court. At the court's request, the government provided a brief proffer of the evidence supporting its case. For the reasons stated below, the government's motion is GRANTED.

**Background**

Defendant was charged in a three-count indictment on 24 July 2012 with: possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g) and 924 (ct. 1); possession with intent to distribute a quantity of cocaine base (*i.e.*, crack), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) (ct. 2); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (ct. 3). The alleged offense date in each count is 11 November 2011.

The government's proffer showed that the charges arise from a consensual search of defendant's person on the alleged offense date when he was acting suspiciously at a convenience store in Raleigh associated with drug trafficking. Police found a loaded pistol and two baggies

of powdered crack on defendant. At the time, he had been convicted of multiple felonies. He was also on supervised release in another case in this court (No. 7:03-CR-12-F).

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies. The court finds that defendant, having presented no evidence, failed to rebut the presumption of detention. In accordance with this presumption, the court finds that there is no condition or combination of conditions that will reasonably assure the appearance of defendant as required and the safety of any other person or the community before trial.

Alternatively, the court finds that the proffer of the government and the information in the pretrial services reports shows by clear and convincing evidence that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if defendant were released. This alternative finding is based on, among other facts, the gun- and drug-related nature of the charges against defendant, his commission of the alleged offenses while on supervised release (for possession of a firearm by a convicted felon and possession of a sawed-off shotgun), and his extensive criminal record.

The court considered the legal arguments advanced by defendant in his statement in open court. For the reasons stated from the bench, those arguments have no merit.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an

attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 30th day of October 2012.

James E. Gates
United States Magistrate Judge