IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CR-98-FL-1
No. 7:15-CV-195-FL

| | | |
|---|---|---|
| MAURICE CROMRATIE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on the following motions: (1) petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 62); (2) the government's motion to dismiss (DE 72); and (3) petitioner's motions to amend (DE 76, 82). The issues raised are ripe for ruling.[1] For the reasons that follow, the court denies petitioner's motion to vacate, grants the government's motion to dismiss, and denies petitioner's motions to amend.

## BACKGROUND

On March 11, 2013, petitioner pleaded guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924. On July 2, 2013, petitioner was sentenced to 96 months' imprisonment. Petitioner appealed his judgment, but the Fourth Circuit Court of Appeals dismissed the appeal.

On September 1, 2015, petitioner filed the instant motion to vacate under 28 U.S.C. § 2255, arguing that: (1) his attorney provided ineffective assistance of counsel by failing to object to his

---

[1] This § 2255 matter and underlying criminal case were reassigned to the undersigned district judge upon retirement of the district judge who presided over petitioner's original judgment of conviction and sentencing.

base offense level and four-level guideline increase pursuant to U.S.S.G. § 2K2.1(a)(4); (2) the court erred by imposing a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B); (3) there was insufficient evidence in the record to support the four-level guideline increase pursuant to U.S.S.G. § 2K2.1(a)(4); and (4) the court erred by increasing his guideline range for conduct neither admitted by him nor found by a jury. In its motion, the government argues that petitioner's § 2255 motion should be dismissed for failure to state a claim upon which relief can be granted.

Petitioner also filed two motions to amend. In the first motion, petitioner alleges that his attorney provided ineffective assistance of counsel by failing to object to the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B). In the second motion, petitioner argues that his base offense level was improperly calculated under U.S.S.G. § 2K2.1(a)(4) because his New York third degree robbery conviction is not a "crime of violence" following Johnson v. United States, 135 S. Ct. 2551 (2015).

**COURT'S DISCUSSION**

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

   1.  Motion to Vacate

      a.  Failure to state a claim of ineffective assistance of counsel

In his first claim, petitioner alleges that his attorney provided ineffective assistance by failing to object to his base offense level and four-level guideline increase pursuant to U.S.S.G. § 2K2.1(a)(4). Mot. Vacate (DE 62) at 4. Petitioner further alleges that his attorney erred by declining to challenge the court's failure to make specific findings that the firearm facilitated or had the potential of facilitating possession of .31 grams of cocaine base. Id.

In order to establish ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. See Strickland v. Washington, 466 U.S. 668, 687 (1984). First, a petitioner must show that the representation he received "fell below an objective standard of reasonableness." Id. at 688. The court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. For the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

A defendant is given a base offense of 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A). At the time of petitioner's sentencing, the term "crime of violence" was defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that has as an element the use, attempted use, or

3

threatened use of physical force against the person of another, or . . . otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). The Commentary to U.S.S.G. § 4B1.2 contained a list of crimes of violence, and robbery was a specifically enumerated offense. On November 16, 1995, Petitioner pleaded guilty to third degree robbery in New York and was sentenced to four years of custody. (PSR ¶ 9).

Petitioner's claim fails under the first prong of Strickland because his attorney may have reasonably determined that a challenge to the base offense level would be meritless, in light of the guideline definition of a crime of violence at the time and petitioner's prior conviction for robbery. See Strickland, 466 U.S. at 689 (noting that a fair assessment of counsel's conduct requires an evaluation from counsel's perspective at the time); see also United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999) (holding that "[a]n attorney's failure to raise a meritless argument [ ]cannot form the basis of a successful ineffective assistance of counsel claim [.]"); Moore v. United States, 934 F.Supp. 724, 731 (E.D. Va. 1996) (holding that "[f]ailure to raise a meritless argument can never amount to ineffective assistance"). Because petitioner has made an insufficient showing on the performance prong of the Strickland standard, this court need not address the prejudice prong. See Strickland, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one."). Consequently, this claim must fail.

The court now turns to petitioner's argument that his attorney provided deficient performance by not challenging the court's failure to make specific findings that the firearm facilitated or had the potential of facilitating possession of .31 grams of crack cocaine. In pertinent part, petitioner's Presentence Report ("PSR") provides that he "was found in possession of a

4

handgun and .31 grams of crack cocaine." (PSR ¶ 5). At petitioner's sentencing hearing, the court fully adopted the findings contained in the PSR. See July 2, 2013 Tr. (DE-49) at 14:11-13. In light of the statement in the PSR regarding petitioner's possession of a firearm and crack cocaine and the fact that the court fully adopted the findings set forth in the PSR, petitioner's attorney did not provide deficient performance by failing to raise this meritless argument. See Strickland, 466 U.S. at 689. Consequently, this claim must fail.

b. Claims not cognizable on collateral review

Petitioner's second, third, and fourth claims challenge his advisory guideline range. Mot. Vacate (DE 62) at 5-7, 19. Each of these claims must fail because a challenge to the advisory guideline range is not cognizable on collateral review. See United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999) ("Barring extraordinary circumstances, [ ], an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding."); United States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999); see also Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (recognizing that § 2255 proceedings allow petitioners to challenge errors that result in the "complete miscarriage of justice," not "ordinary questions of guideline interpretation") (internal quotation marks omitted)). The Fourth Circuit Court of Appeals held that a defendant's challenge to his career offender designation based on the intervening decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), was not cognizable on collateral review. United States v. Foote, 784 F.3d 931, 932 (4th Cir. 2015).

To the extent that petitioner relies on Alleyne v. United States, 133 S. Ct. 2151 (2013) to support his fourth claim, his argument must fail. In Alleyne, the Supreme Court concluded that the trial court erred when it imposed a seven-year mandatory sentence on an 18 U.S.C. § 924(c)

5

conviction based on the jury not finding that the firearm had been brandished. Id. at 2156-59. The Supreme Court held that any fact, other than a prior conviction, that increases the statutory minimum punishment is an element of the offense that must be submitted to the jury and found beyond a reasonable doubt. Id. at 2162-63. However, the Court also specifically held that this ruling did not mean that "any fact that influences judicial discretion must be found by a jury." Id. at 2163. The Court explained that "[w]e have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." Id.

In light of the foregoing, petitioner's second, third, and fourth claims are dismissed.

2.   Petitioner's motions to amend

Petitioner has filed two motions to amend (DE 76, 82). Rule 15 of the Federal Rules of Civil Procedure governs the amendment of a § 2255 motion. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) (noting that although the Rules Governing Section 2255 Proceedings do not specifically address the procedure for amending motions, courts have typically applied Federal Rule of Civil Procedure 15). A party may amend his pleading once as a matter of course within twenty-one days after service, or, if it is a pleading requiring a response, within twenty-one days after service of the response or service of a motion under Rule 12(b), (e), or (f), whichever is earlier. See Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a)(2). In the Fourth Circuit Court, "the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical." Franks v. Ross, 313 F.3d 184, 198 n.15 (4th Cir. 2002). In both cases, leave should be freely granted and denied only where good reason exists, such as prejudice to the opposing party. Id. Leave to amend should also be denied when the amendment would be futile. Edwards

6

v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

        a.      Petitioner's first motion to amend

In his first motion to amend, petitioner alleges that his attorney provided ineffective assistance when he failed to object to the erroneous application of U.S.S.G. § 2K2.1(b)(6)(B). Mot. Amend (DE 76) at 3-5. Petitioner concedes that he possessed .31 grams of crack cocaine, but he argues that this was such a small quantity that it would be "simple possession" under North Carolina law and would have subjected him to a sentence of not more than a year. Id. at 4.

U.S.S.G. § 2K2.1(b)(6)(B) provides that if the defendant "[u]sed or possessed any firearm or ammunition in connection with another felony; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels."

In this case, petitioner possessed a handgun while possessing .31 grams of crack cocaine. (PSR ¶ 5). Petitioner was arrested at a convenience store after an officer saw him talking with a person known to be a prostitute and a drug addict and entering both the men's and the women's restrooms. Id. Petitioner's attorney could have reasonably believed that petitioner's drug offense constituted some form of distribution or possession with intent to distribute. Moreover, even if petitioner were only guilty of possession of cocaine, he would have been subject to a sentence of up to two years' imprisonment because he had an earlier conviction for wrongful use of cocaine, (PSR ¶ 7). See 21 U.S.C. § 844.

In sum, petitioner has not established that his attorney's failure to object to the application of U.S.S.G. § 2K2.1(b)(6)(B) constituted performance that fell below an objective standard of reasonableness. Because petitioner has made an insufficient showing on the performance prong of

the Strickland standard, the court need not address the prejudice prong.  See Strickland, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one.").  In light of the fact that amendment would be futile, petitioner's first motion to amend is denied.

            b.        Petitioner's second motion to amend

In his second motion to amend, petitioner argues that his base offense level was improperly calculated under U.S.S.G. § 2K2.1(a)(4)(A) because his conviction for New York third degree robbery is not a "crime of violence" following the Supreme Court's decision in Johnson, 135 S. Ct. at 2551.  Second Mot. Amend (DE 82) at 2-6; Mem. Supp. (DE 87).

Petitioner's argument fails because New York third degree robbery qualifies as a "crime of violence" under the "use of physical force" provision of the guidelines.  See United States v. Miles, 748 F.3d 485, 490 (2d Cir. 2014) (concurring with defendant's acknowledgment that "robbery in the third degree has as an element the use, attempted use, or threatened use of physical force" (internal quotation marks omitted)).  Therefore, Johnson has no impact on the classification of New York third degree robbery as a crime of violence and no impact on the court's application of petitioner's advisory guidelines range.  See Beckles v. United States, 137 S. Ct. 886, 890 (2017) (holding that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause").  Because the amendment petitioner seeks would be futile, his second motion to amend is denied.

C.        Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner must demonstrate that reasonable

jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 62), GRANTS the government's motion to dismiss (DE 72), and DENIES petitioner's motions to amend (DE 76, 82 ). The court DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 21st day of April, 2017.

LOUISE W. FLANAGAN
United States District Judge